**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JOAN SOLOMONT** ) | **Chapter 11** |
| ) | **Case No. 08-19250-JNF** |
| **DEBTOR** ) | |
| ) | |

**MOTION OF HINGHAM INSTITUTION FOR SAVINGS BANK**
**FOR RELIEF FROM AUTOMATIC STAY**

Now comes Hingham Institution for Savings ("Hingham" or "Secured Creditor"), a creditor in the above-captioned proceeding, and hereby requests this Honorable Court to grant it Relief from the Automatic Stay for the purpose of exercising its rights under its agreements with the Debtor and under applicable law, including without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises. Hingham holds a mortgage on the properties located at 60 Heath Hill (sometimes referred to as Lot 5B) and Lot 6B, Brookline, Massachusetts (Lot 6B sometimes referred to as 0 Heath Hill and hereinafter referred to as "0 Heath Hill"), Brookline, Massachusetts.(collectively, the "Properties").

Hingham requests relief pursuant to 11 U.S.C.§§ 362(a) and (d) and Bankruptcy Rules 4001 and 9014 and Rule 4001-1 and Local Rule Chapter 13 Rules 13-16 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts.

**FACTS**

1. Joan L. Solomont (hereinafter "J. Solomont" or "Debtor") is an individual who owns the real estate located at 60 Heath Hill Road, Brookline, Massachusetts (hereinafter "60 Heath Hill") in fee simple. Solomont also owns 0 Heath Hill, Brookline, Massachusetts jointly

with her non-debtor spouse, David Solomont (hereinafter "D. Solomont" or "Non-Debtor Spouse").

    2.    Hingham is a creditor having a principal place of business located at 55 Main Street, Hingham, Massachusetts.

    3.    J. Solomont filed a Chapter 11 proceeding on December 3, 2008 (the "Petition Date") commencing the present case. The Debtor filed a Motion to voluntarily dismiss her proceeding on January 6, 2009. The hearing upon same is scheduled for February 11, 2009.

    4.    Prior to the Petition Date, on or about October 4, 2006, the Debtor (together with her Non-Debtor Spouse) executed and delivered to Hingham an Adjustable Rate Promissory Note in the original principal amount of $2,675,000.00 (the "Note"). Simultaneously therewith, as security for the obligations under the Note, the Debtor executed and delivered to Hingham a Mortgage securing the Note with the Properties, 60 Heath Hill and 0 Heath Hill. The Mortgage was duly filed and recorded with the Norfolk County Registry of Deeds. See Exhibits 1 and 2, respectively. The Note has a maturity date of November 1, 2036.

    5.    The real estate located at 60 Heath Hill Road is the Debtor's primary residence. There is a Homestead on the Property at 60 Heath Hill Road.

    6.    The Debtor's Bankruptcy Schedules reflect that 60 Heath Hill has a current value of $2,275,000.00. The following claims encumber the real property known as 60 Heath Hill:

| Name of Creditor | Type of Lien | Principal Amount Owed |
|---|---|---|
| Hingham Institution for Savings | First Mortgage | $ 2,675,000 |
| Stephen C. Demeter | Second Mortgage | $ 465,000 |
| Lloyd Kusch, Jr. | Third Mortgage | $ 445,000 |
| Pine Banks Nominee Trust By Assignment from Century Bank & Trust Company | Mortgage | $ 250,000 |
| Pine Banks Nominee Trust | Mortgage | $ 1,200.000* |
| Commerce Bank & Trust Company | Mortgage | $ 250,000.00 |
| Young & Associates d/b/a Advantage | | |

2

| | | |
|---|---|---|
| Scott Benson | Preliminary Injunction | |
| Scott Benson | Execution (D. Solomont) | $483,753.28 |
| Payroll Services | Execution (D. Solomont) | $37,066.63 |
| Daniel P. McLaughlin&Co, LLC | Execution (D. Solomont) | $30,185.22 |
| Commerce Bank &Trust | Writ (D. Solomont) | $36,000.00 |
| Mark Ostroff | Writ (D. Solomont) | $93,000.00 |
| Dept. of Treasury | Federal Tax Lien (D. Solomont) | $44,608.05 |
| Chestnut Equity Partners, LLC | Writ (D. Solomont) | $67,117.97 |

*Partially released

There are liens and encumbrances on the property totaling approximately $6,297,815.15[1]. There is no equity in the property.

7. The Debtor's Bankruptcy Schedules reflect that 0 Heath Hill has a current value of $1,395,000.00. The following encumber the Property located at 0 Heath Hill:

| Name of Creditor | Type of Lien | Principal Amount Owed |
|---|---|---|
| Hingham Institution for Savings | First Mortgage | $ 2,675,000 |
| Stephen C. Demeter | Second Mortgage | $   465,000 |
| Lloyd Kusch, Jr. | Third Mortgage | $   445,000 |
| Pine Banks Nominee Trust By Assignment from Century Bank & Trust Company | Mortgage | $   250,000 |
| Pine Banks Nominee Trust | Mortgage | $1,200.000* |
| Commerce Bank & Trust Company | Mortgage | $ 250,000 |
| Scott Benson | Preliminary Injunction | |
| Scott Benson | Execution (David Solomont) | $483,753.28 |
| Daniel P. McLaughlin&Co, LLC | Execution (David Solomont) | $30,185.22 |

*Partially released

There are liens and encumbrances on the property totaling approximately $6,020,023.19[2]. There is no equity in the property.

---

[1] The Debtors Schedules filed with the Bankruptcy Court indicate that there are secured claims of $3,835,000. Even using the sums identified by the Debtor, there is no equity in 60 Heath Hill Road, Brookline, MA.
[2] The Debtors Schedules filed with the Bankruptcy Court indicate that there are secured claims of $3,835,000. Even using the sums identified by the Debtor, there is no equity in 60 Heath Hill Road, Brookline, MA.

3

8. At the time of the filing, the principal amount outstanding by the Debtor to Hingham on the Note secured by the Mortgage was $2,675,000. The current monthly payment is $20,131.26 and is due on the 1st day of each month, and if not received by the 15th date of the month, a late charge of three (3%) of the overdue payment of principal and interest is required.

9. As of the Petition Date, December 3, 2008, the total amount owed to Hingham was as follows:

| | |
|---|---|
| Interest | $ 160,499.99 |
| Real Estate Taxes | $ 16,209.11 |
| Late Charges | $ 4,446.27 |
| Legal | $ 27,959.44 |
| Appraisal Fee | $ 500.00 |
| Pre-petition Claims | $ 209,614.81 |
| Principal | $2,675,000.00 |
| Total Due | $2,884,614.81 |

10. At the time of the filing, the Debtor was in arrears for pre-petition for nine (9) monthly payments, which including late charges and fees assessed pursuant to the Note is in the amount of $209,614.81. That sum, together with Principal reflects that the Debtor was indebted to Hingham in the sum of $2,884,614.81 on the Petition Date.

11. The Debtor has paid one payment in the sum of $20,131.26 for the post-petition payment due January 1, 2009. No further payments are yet due post-petition, but it is anticipated that as of a hearing on this Motion, at least one additional monthly payment will be due. The post-petition monthly payment is $20,131.26 if timely paid. Additional fees and expenses have continued to accrue post-petition including legal fees and an appraisal fee.

12. Cause exists for immediate relief from the Automatic Stay as the Debtor lacks equity in the Properties and the Properties are not necessary to an effective reorganization. Utilizing the property value provided by the Debtor upon her schedules, the liquidation value of

4

the subject properties are $2,138,500 and $1,311,300, calculated as the fair market value less a reasonable realtor's fee of 6% in the amount of $136,500 and $83,700 respectively; deed stamps in the amount of $9,751.56 and $5,980.44 and anticipated costs incurred for a real estate closing and legal fees for said closing, which are anticipated to be approximately $3,500.00 reflects that the Debtor lacks equity in the Properties.

13. There is no other collateral to secure the Note or as additional adequate protection.

14. Section 362 (d)(1) of the United States Bankruptcy Code provides that the Court may grant relief from the automatic stay for cause. The term "cause" is not defined in the statute, but includes among other things the lack of insurance and the lack of adequate protection.

15. Section 362(d)(2) of the United States Bankruptcy Code provides that the Court may grant relief from the automatic stay if (A) the debtor does not have an equity in such property; and (B) such property is not necessary for an effective reorganization,

16. Based upon the above, cause exists pursuant §362(d)(1)as the Secured Creditor lacks adequate protection and pursuant to §362 (d)(2) as there is no equity in the Property and the Property is not necessary for an effective reorganization.

17. The Property is a burden to the Debtor's estate after taking into consideration the maintenance, costs of insurance, utilities, real estate taxes and Hingham's security continues to diminish.

18. Relief from the stay by Hingham is warranted to enable it to enforce its rights under its loan documents and applicable law as the Debtor is not seeking the continued protection of the Automatic Stay as is evidenced by J. Solomont's Motion to Dismiss her chapter 11 proceeding.

19. The Debtor does not require the Properties for an effective reorganization as is evidenced by her motion to voluntarily dismiss her Chapter 11 proceeding.

20. The Debtor lacks the ability to make the payments required under the Note based upon the information contained in her Chapter 11 Schedule I and J reflecting her income and expenses as well as the statement that she has no anticipated future income based upon her profession as a real estate broker. See Exhibit 3.

21. Cause exists for Hingham to be granted relief from the automatic stay to exercise its rights under its agreements with J. Solomont and under applicable law, including without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises.

WHEREFORE, the Secured Creditor, Hingham Institution for Savings respectfully requests that this Honorable Court grant as follows:

a. Enter an Order granting Hingham Institution for Savings, its successors and/or assigns, Relief from the Automatic Stay for the purpose of exercising its rights under its agreements with the Debtor and under applicable law, including without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; and

b. Enter an Order preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including without limitation, summary process proceedings, as are permissible by law; and

c. Enter an Order requiring the Debtor to make adequate protection payments; and

    d.       Enter an Order waiving the Ten (10) day stay of relief pursuant to Federal Rule 4001(a)(3); and for such further relief as is deemed just and proper.

> Respectfully submitted,
> Hingham Institution for Savings
> /s/ Nina M. Parker
> Nina M. Parker
> (BBO #389990)
> Jenny L. Yandell
> (BBO #658322)
> Parker & Associates
> 10 Converse Place
> Winchester, MA  01890
> (781) 729-0005

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **JOAN SOLOMONT** ) | **Chapter 11** |
| ) | **Case No. 08-19250-JNF** |
| **DEBTOR** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Nina M. Parker, hereby certify that I have given either electronic notice and/or mailed, postage prepaid a copy of the **Motion of Hingham Institution for Savings for Relief from the Automatic Stay** on the parties listed on the annexed service list.

/s/ Nina M. Parker
Nina M. Parker
(BBO #338990)
Jenny L. Yandell
(BBO #658322)
Parker & Associates
10 Converse Place
Winchester, MA 01890
(781)729-0005

DATED:     January 30, 2009

8

**Electronic Mail Notice List**

- Howard B. D'Amico    bankruptcy@damicochenelle.com, hbdamicopcbk@yahoo.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Neil D. Warrenbrand    neil@warrenbrandlaw.com

**Manual Notice List**

Kevin W. Gaughen, P.C.
Gaughen, Gaughen, Lane & Hernando
528 Broad Street
Weymouth, MA  02189

Joan Solomont
60 Heath Hill
Brookline, MA  02445

Ramesh Singh
Recovery Management Systems Corp
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131